## UNITED STATES  DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: OMI ENVIRONMENTAL SOLUTIONS** | **CIVIL ACTION** |
| | **NO. 12-2298, c/w 12-2366** |
| ***Refers to: All cases*** | **SECTION "E"** |

### ORDER AND REASONS

The Court has pending before it motions for partial summary judgment filed (1) by Matt Snyder, Kevin Dyche, Gustavo Jimenez, Ricardo Gauthier-Reyes, Antonio Martinez, Macaulay Falu Baez, Robert Parker, Jonathan Davis, Ronald Bauman, and Kenneth Smith ("Claimants") against Petitioner United States Environmental Services, LLC ("USES"), and (2) by Terry Guillot against Petitioner OMI Environmental Solutions ("OMIES").[1] The Court has reviewed the oppositions,[2] the record, and the applicable law, and now issues this order and reasons denying both motions for partial summary judgment.

### BACKGROUND

These consolidated limitation/exoneration actions arise out of the collision between two vessels on the Mississippi River after sunset on September 1, 2012. The M/V INTREPID III, headed downriver, was owned and operated by Petitioner USES. On board were Richard Guillot, who was operating the boat, and Claimant Ronald Bauman. The M/V OMI 4233, headed upriver, was owned and operated by Petitioner OMIES. On board the OMI 4233 were David Sylve, who was piloting the boat, and sixteen others, including the

---

[1] R. Docs. 166, 168.

[2] R. Docs. 175, 176.

remaining Claimants who have filed one of the pending motions.

Shortly after the collision, OMIES and USES filed separate petitions for limitation of liability, which were consolidated before this Court. Various claimants now file two motions for partial summary judgment seeking judgment as a matter of law that neither USES nor OMIES are entitled to limit their liability. In the first motion, Claimants, who were passengers on the vessels, move for partial summary judgment against USES, contending that the collision was caused at least in part by the negligence of Guillot, the operator of the INTREPID III, and the negligence was within USES's privity or knowledge. In opposition, USES places the blame entirely on Sylve, operator of the OMIES 4233.

In the second motion, Guillot moves for partial summary judgment against OMIES, contending that Sylve caused the accident through his own negligence and incompetence, which was within the privity and knowledge of OMIES. In opposition, OMIES places the blame entirely on Guillot for failing to turn on the running lights of the INTREPID III.

## LAW AND ANALYSIS

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact

exists.  *Id.* at 322-23.  Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.  *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.  *See Celotex*, 477 U.S. at 325.  The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence.  *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000).  All reasonable inferences are drawn in favor of the non-moving party.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

These are consolidated limitation of liability actions.  As the Fifth Circuit has

explained:

> Under the Limitation of Liability Act, a vessel owner may limit its liability for maritime casualties to "the value of the vessel and pending freight." 46 U.S.C. §30505(a). "However, if the vessel's negligence or unseaworthiness is the proximate cause of the claimant's loss, the plaintiff-in-limitation must prove it had no privity or knowledge of the unseaworthy conditions or negligent acts." We have stated that "privity or knowledge" "implies some sort of 'complicity in the fault that caused the accident.'" The owner has privity "if he personally participated in the negligent conduct or brought about the unseaworthy condition." A corporate owner is assumed to know what the corporation's managing officers knew or "should have known with respect to conditions or actions likely to cause the loss." "The question of 'privity or knowledge must turn on the facts of the individual case.'"
>
> [K]nowledge of an unseaworthy or negligent condition is normally imputed to a corporate owner if the "condition could have been discovered through the exercise of reasonable diligence. . . . However, . . . mere "mistakes of navigation" by an otherwise competent crew do not bar limitation of liability.

*In re Omega Protein, Inc.*, 548 F.3d 361, 371 (5th Cir. 2008) (citations and footnotes omitted). Thus, the Court must first "determine what acts of negligence or conditions of unseaworthiness caused the accident." *Farrell Lines Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976). Then the Court "must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *Id.*

These motions are pregnant with genuine factual disputes which preclude partial summary judgment as to whether USES and OMIES are entitled to limit their liability. First, the parties dispute many basic facts about the events leading up to the collision, which necessarily must be resolved at trial before the Court can "determine what acts of negligence or conditions of unseaworthiness caused the accident." To list only a few factual issues, the parties dispute:

- Whether either boat had running lights on at the time of the collision;[3]

- Whether the INTREPID had tinting on its forward-facing window which might have limited visibility from the cabin;[4]

- The features and capabilities of the radar system on board the INTREPID;[5]

- The speed of the OMI 4233 at the time of the accident;[6]

- Whether Guillot turned the INTREPID III to port or starboard before the accident and how the relevant GPS data should be interpreted;[7] and

- The training, experience, and competence of both Guillot and Sylve with respect to navigation and the use of radar, and the role any deficiency may have played in causing the collision.[8]

All of these disputed facts are potentially relevant to deciding whether acts of negligence caused or contributed to the collision and whether the INTREPID, the OMI 4233, or both were at fault and in what percentages.  Very probably both will be found to have been at fault to some degree, but that is a determination the Court must make after hearing the facts fully developed at trial.  The Court cannot decide on this summary judgment record what specific acts of negligence caused the accident and the motions for partial summary

---

[3] *See* R. Doc. 176 at 1-2; R. Doc. 176-4 at 4-6

[4] *See* R. Doc. 166-5 at 63; R. Doc. 175-2 at 24.

[5] *See* R. Doc. 166-1 at 16; R. Doc. 175 at 14-15.

[6] *See* R. Doc. 168-1 at 3-4; R. Doc. 176 at 8.

[7] *See* R. Doc. 19-20; R. Doc. 175 at 18.

[8] *See* R. Doc. 166-1 at 3-7; R. Doc. 168-1 at 2-3; R. Doc. 175 at 12-14; R. Doc. 176 at 2-3.

judgment must be denied for this reason alone.

Second, there also are disputed facts precluding summary judgment as to "whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." Much of the briefing revolves around whether either Guillot or Sylve were so incompetent that their actions contributing to the collision transcended "mere 'mistakes of navigation' by an otherwise competent crew." *See In re Omega Protein*, 548 F.3d at 371 (citation omitted). The parties dispute the competence, experience, and training, formal or otherwise, of the operators of both vessels. On this disputed record, the Court cannot say as a matter of law whether the case involves "mere navigational errors," which do not bar limitation of liability, or whether either vessel owner "knew or should have known . . . that its captain was improperly trained," which does bar limitation of liability. *See Trico Marine Assets Inc. v. Diamond B. Marine Servs. Inc.*, 332 F.3d 779, 790 (5th Cir. 2003) (affirming denial of limitation to vessel owner who sent out captain "without a lookout and with a radar system that [the captain] had no training in how to use"). These issues too must be explored and developed at trial before the Court decides whether either Petitioner may limit its liability.

Resolution of the limitation issues in these cases may ultimately be guided by the opinions in *In re Omega Protein* or *Diamond B. Marine Services*, which the parties variously attempt to analogize or distinguish. But in both of those cases, the district court decided the limitation question after a bench trial, not on motions for partial summary judgment. *See In re Omega Protein*, 548 F.3d at 366; *Diamond B.*, 332 F.3d at 785. Thus,

although both Guillot and Claimants (particularly in their reply brief)[9] focus narrowly on specific facts, the Court cannot decide the significance of those facts in a vacuum on summary judgment.  Rather, the Court will resolve the factual disputes and apply the law to those facts as a whole at the bench trial scheduled for June 9, 2014.

### CONCLUSION

For the foregoing reasons, the motions for partial summary judgment are **DENIED.**

New Orleans, Louisiana, this 23rd day of May, 2014.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[9]R. Doc. 184.