UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OMI ENVIRONMENTAL SOLUTIONS | CIVIL ACTION |
| | NO. 12-2298<br>c/w 12-2366 |
| *Refers to: Both cases* | SECTION "E" |

ORDER AND REASONS

The Court has pending before it a motion in limine[1] filed by Claimants Matt Snyder, Kevin Dyche, Robert Parker, Macaulay Falu Baez, Ricardo Gauthier Reyes, Antonio Martinez, Gustavo Jimenez, Ronald Bauman, Jonathan Davis, Kenneth Smith, and Rushion Harris. The motion seeks an order excluding various generic categories of evidence and testimony as prejudicial under the Federal Rules of Evidence, and excluding evidence and testimony not properly disclosed during discovery.

This case is scheduled for a bench trial and therefore the need for pre-trial rulings on admissibility of evidence is significantly reduced. *See United States v. Cardenas*, 9 F.3d 1139, 1154 (5th Cir. 1993); *Government of the Canal Zone v. Jimenez G.*, 580 F.2d 897, 897 (5th Cir. 1978). Moreover, the motion in limine provides almost no examples of specific testimony or evidence likely to be offered at this phase of trial, which addresses only the limitation question. Therefore, the motion raises no concrete evidentiary disputes for the Court to decide. Needless to say, the court will apply the Rules of Evidence and Civil Procedure at trial, as well as the provisions of the Pretrial Notice governing exhibits to be

---

[1] R. Doc. 188.

1

used solely for impeachment.[2] To the extent that Claimants seek preemptively to exclude testimony that the INTREPID III's anchor light was on, or opinion testimony predicated on testimony that the INTREPID III's lights were on earlier during the day of the collision, the Court will address those issues as they arise at trial.

**IT IS ORDERED** that the motion in limine is **DENIED**.

**New Orleans, Louisiana, this 23rd day of May, 2014.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

JS10 (0:20)

---

[2] R. Doc. 94-1 at 5.