UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OMI ENVIRONMENTAL SOLUTIONS | CIVIL ACTION |
| | NO. 12-2298, c/w 12-2366 |
| *Refers to: All cases* | SECTION "E" |

ORDER AND REASONS

The Court has pending before it a Motion to Strike Claimants' Proposed Liability Expert, E. Geoff Webster, filed by Petitioner United States Environmental Services, LLC ("USES").[1] The Court has reviewed the opposition,[2] the record, and the applicable law, and now issues this order and reasons.

BACKGROUND

These consolidated limitation/exoneration actions arise out of the collision between two vessels owned and operated by Petitioner OMI Environmental Solutions and Petitioner USES. Certain claimants have retained Mr. Geoff Webster as an expert witness "to consider the issues and facts concerning the collision . . . and the reasons why [USES] and also their boat operator Mr. Terry Guillot were responsible for the accident occurring."[3] In his report, Mr. Webster opines that the collision occurred because "Mr. Guillot had not been trained properly to navigate at night and was not following [USES] safety protocols" and "[a]lso the boat was unsafe due to dark tinting being on the windows of the cabin, which greatly

---

[1] R. Doc. 167.

[2] R. Doc. 174.

[3] R. Doc. 167-2 at 2.

1

reduced the pilot's visibility at night."[4] He also offers a hodgepodge of other criticisms of the equipment on the boat and Mr. Guillot's conduct. According to materials included with his report, Mr. Webster is a "Marine and Safety Consultant, Surveyor and Naval Architect" and he formed his opinions based on his "knowledge as a chief engineer, marine superintendent, marine surveyor" and his "[f]amiliarity and experience of working with and surveying all types of vessels."[5]

## LAW AND ANALYSIS

### A.  Applicable Law

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Courts, as "gatekeepers," are tasked with making a preliminary assessment whether expert testimony is both reliable and relevant. See *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993)). But the Court's "gatekeeper role is significantly diminished in bench trials, as in this instance, because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. P'ship v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010). A witness's proponent must prove by a preponderance of the evidence that the expert's testimony satisfies Rule 702. *Mathis v.*

---

[4] R. Doc. 167-2 at 2.

[5] R. Docs. 167-2 at 21, 167-3 at 3.

*Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

While an expert witness is permitted to give his opinions on an "ultimate issue" of fact, assuming he is qualified to do so, he is not permitted to make credibility determinations or offer conclusions of law. Fed. R. Evid. 704; *see also Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) ("[A]n expert may never render conclusions of law . . . nor, may an expert go beyond the scope of his expertise in giving his opinion."); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("Fed. R. Evid. 704 abolished the per se rule against testimony regarding ultimate issues of fact. . . . Rule 704, however, does not open the door to all opinions."). As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

**B.     Analysis**

USES seeks to exclude Webster's testimony because (1) he is not qualified to testify as an expert in marine navigation, (2) his testimony will not help the trier of fact, and (3) he offers no more than legal conclusions. The Court will address each basis for excluding Webster's testimony.

**1)     Qualification as a Marine Navigation Expert**

First, as to Webster's qualifications, USES contends that he is a marine architect and not an expert in marine navigation, and thus cannot opine regarding Mr. Guillot's operation of one of the vessels involved in the collision, or compliance with Coast Guard regulations

or the Rules of the Road.[6] In response, Claimants offer a sworn declaration from Mr. Webster detailing his education and experience in "the operation and navigating of small dredge tugboats and survey boats."[7] The information in this new declaration should have been submitted in connection with Mr. Webster's report. Fed. R. Civ. P. 26(a)(2)(B)(iv).

Initially, it appears on the present state of the record that not all of Mr. Webster's opinions (such as those related to window tinting) relate to marine navigation; thus, USES's argument is not a basis for excluding opinions based on non-marine navigation expertise. With respect to opinions that are within the area of marine navigation, the Court will defer the question of whether Mr. Webster is qualified as an expert in that area.[8] Before Mr. Webster will be permitted to opine on marine navigation topics at trial, USES will be entitled to examine Mr. Webster about his qualifications (with respect to marine navigation, Coast Guard regulations, the Rules of the Road) and the Court will determine the extent of his expertise. Mr. Webster will not be allowed to testify regarding areas in which he is not qualified. Accordingly, the motion in limine is denied on this basis, with leave to reargue at trial the question of Mr. Webster's qualification as a marine navigation expert.

    2)    **Whether Webster's Testimony Will Assist the Court or Consists of Impermissible Legal Conclusions**

Second, USES contends that Webster's testimony should be excluded because he (1) cherry-picks facts, (2) "has not viewed or tested the vessel at night to determine if what he

---

[6] R. Doc. 167-1 at 5-6.

[7] R. Doc. 174-1 at 2.

[8] The Court *sua sponte* notes that Mr. Webster does not claim expertise in training. Therefore, he will not be permitted to testify regarding the adequacy of Guillot's training.

opines about operating the vessel at night is even correct," and (3) offers impermissible legal conclusions.[9] In response, Claimants largely reiterate the factual underpinnings of Mr. Webster's opinions and argue their case for liability, without articulating how Webster's opinions do more than reach the conclusions Claimants suggest should be drawn from the evidence.[10]

The first two contentions are not grounds for striking Mr. Webster's testimony entirely. Experts may properly rely on what they have "been made aware of," so the lack of personal observation of the vessel is of no moment. *See* Fed. R. Evid. 703. And Mr. Webster's adoption of one version of a contested fact goes to the weight of the testimony, not its admissibility.

With respect to USES's argument that Webster's opinions are legal conclusions and "mere statements of advocacy," certainly, Mr. Webster cannot offer an "inadmissible ultimate legal conclusion that a vessel is unseaworthy" or that certain conduct was negligent. *See Francois v. Diamond Offshore Co.*, No. 11-2956, 2013 WL 654635, at *2 (E.D. La. Feb. 21, 2013). Thus, the motion is granted in part insofar as Mr. Webster will not be permitted to testify as to ultimate legal conclusions.

The Court has strong doubts about whether Mr. Webster's proposed opinions will assist the Court as trier of fact. But at this time, it appears that Mr. Webster's opinions may conceivably assist the Court in understanding certain factual issues in this case. The Court will give Mr. Webster's testimony whatever weight, if any, it warrants. Thus, with respect to this argument, the motion is granted as to testimony in the form of legal conclusions and

---

[9] R. Doc. 167-1 at 3-5.

[10] R. Doc. 174 at 4-8.

5

denied in all other respects.

## CONCLUSION

For the foregoing reasons, USES's motion is **GRANTED IN PART AND DENIED IN PART.** To be clear, Mr. Webster will **not** be permitted to testify regarding (1) training or (2) ultimate legal conclusions. He **may** be permitted to testify regarding marine navigation if, after examination, the Court determines he is qualified to offer those opinions. He **will** be permitted to offer opinions in areas of expertise which USES did not challenge in this motion in limine.

New Orleans, Louisiana, this 27th day of May, 2014.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE